## Hays v. Graham

*J. R. Sheppard,* for plaintiff.
*M. J. Hosack,* for defendant.

KENNEDY, P. J., October 17, 1934.—It has always been the policy of the Commonwealth of Pennsylvania especially to protect the earnings of persons entitled thereto as wages, and in harmony therewith the Act of April 9, 1872, P. L. 47, allowing appeals from justices of the peace for wages, requires that bail in such cases "shall be bail absolute in double the amount of said judgments and awards, and the probable amount of costs accrued and likely to accrue in such cases, with one or more sufficient sureties, conditioned for the payment of the amount of the debt, interest and cost that shall be legally recovered in such case against the appellant."

Section 2 of the Act of June 24, 1885, P. L. 159, provides, "That any party to a suit before an alderman or justice of the peace shall have the right to appeal, and demand and receive transcripts, without payment of costs as hereinbefore provided, on their making and filing, with the alderman or justice of the peace, an affidavit that they are unable, through poverty, to pay said costs."

The language of this act is general, while the Act of 1872, allowing appeals from wage claims is an act covering a specific subject and is, therefore, in the nature of special legislation and under the rules of construction is not repealed unless specifically mentioned in the act alleged to contain such repeal.

We are of the opinion that the Act of 1885 does not apply to wage claims and, therefore, the petition of the defendant to vacate the order of court dismissing the appeal is refused and dismissed.